IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02241-PAB-CBS

CHRISTINE WARREN,

    Plaintiff,

v.

GREEN TREE SERVICING LLC, and
BANK OF AMERICA, N.A.,

    Defendants.

___

**ORDER**
___

    This matter is before the Court on the Stipulation of Dismissal With Prejudice [Docket No. 47] filed jointly by plaintiff and defendant Bank of America, N.A. ("Bank of America"). Pursuant to Fed. R. Civ. P. 41(a)(1)(A)(ii), the stipulation seeks to dismiss plaintiff's claims against Bank of America with prejudice and dismiss plaintiff's first, third, fourth, and fifth claims against defendant Green Tree Servicing LLC ("Green Tree").

    The Court first turns to plaintiff's claims against Bank of America. Despite Rule 41(a)(1)'s reference to the dismissal of an "action," the weight of authority permits a dismissal of all claims pursuant to Rule 41(a)(1)(A) against fewer than all defendants. *See Montoya v. FedEx Ground Package System, Inc.*, 614 F.3d 145, 148 (5th Cir. 2010); *Blaize-Sampeur v. McDowell*, 2007 WL 1958909, at *2 (E.D.N.Y. June 29, 2007) (noting that, although the Second Circuit had previously stated otherwise, it had "since adopted the approach of the majority of courts in other circuits – that is, that Rule 41(a)

does not require dismissal of the action in its entirety" and permits dismissal of all claims as to a single defendant).  However, the stipulation was not signed "by all parties who have appeared."  Fed. R. Civ. P. 41(a)(1)(A)(ii); *see Anderson-Tully Co. v. Federal Ins. Co.*, 347 F. App'x 171, 176 (6th Cir. 2009) (under Fed. R. Civ. P. 41(a)(1)(A)(ii), "all parties who have appeared" includes both current and former parties).  As a result, the stipulation, by itself, does not serve to dismiss this action as to Bank of America.  The Court, however, having reviewed the stipulation, finds that dismissal is appropriate pursuant to Fed. R. Civ. P. 41(a)(2).  Although the dismissal of an action under Rule 41(a)(2) is ordinarily without prejudice, plaintiff and Bank of America have agreed to the dismissal of this action as to Bank of America with prejudice.  Thus, the Court will dismiss this action as to Bank of America with prejudice.

The Court turns to plaintiff's remaining claims against Green Tree.  Although the stipulation seeks dismissal of the subject claims pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), Rule 41 does not apply to the dismissal of less than all claims in an action.  *Gobbo Farms & Orchards v. Poole Chemical Co., Inc.*, 81 F.3d 122, 123 (10th Cir. 1996).  Rather, the proper procedure for voluntarily dismissing less than all claims against a defendant is for plaintiff to amend the complaint pursuant to Fed. R. Civ. P. 15.  *See Ethridge v. Harbor House Restaurant*, 861 F.2d 1389, 1392 (9th Cir. 1988) ("a plaintiff may not use Rule 41(a)(1)(i) to dismiss, unilaterally, a single claim from a multi-claim complaint . . . [instead, we agree with two of our sister circuits] that Federal Rule of Civil Procedure 15(a) is the appropriate mechanism"); *see also* 9 Charles Alan Wright et al., *Federal Practice and Procedure* § 2362 (3d ed. 2014).

Thus, the Court will construe the stipulation as a Rule 15 motion to amend the complaint to delete plaintiff's first, third, fourth, and fifth claims against Green Tree. *See Predator Int'l, Inc. v. Gamo Outdoor USA, Inc.*, No. 09-cv-00970-PAB-KMT, 2010 WL 3630118, at *3 (D. Colo. Sep. 9, 2010) (collecting cases).

Under Rule 15, the Court must freely give leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court is aware of no reason why plaintiff should be denied leave to amend her complaint to delete the subject claims, *see Foman v. Davis*, 371 U.S. 178, 182 (1962), and why the subject claims should not be dismissed with prejudice as a condition of the amendment contemplated by plaintiff's motion. *See Mountain View Pharmacy v. Abbott Labs.*, 630 F.2d 1383, 1386 (10th Cir. 1980) (discussing court's discretion to "impose reasonable conditions on a grant of leave to amend" (quotation omitted)); 6 Charles Alan Wright et al., *Federal Practice and Procedure* § 1486 (3d ed. 2014) (recognizing court's power under Rule 15 to exercise discretion in imposing conditions on the allowance of a proposed amendment). Nonetheless, the Court will afford Green Tree the opportunity to object to plaintiff's proposed amendments.

It is therefore

**ORDERED** that, pursuant to Fed. R. Civ. P. 41(a)(2), all claims asserted against defendant Bank of America are dismissed with prejudice, with each party to bear its own attorneys' fees and costs. It is further

**ORDERED** that the portion of plaintiff's Stipulation of Dismissal With Prejudice seeking to delete her first, third, fourth, and fifth claims against Green Tree is hereby converted to a Rule 15 motion to amend.  It is further

**ORDERED** that any objection to granting plaintiff leave to amend to delete the subject claims shall be filed by Green Tree on or before Friday, February 27, 2015.  It is further

**ORDERED** that, in the absence of an objection, plaintiff's first, third, fourth, and fifth claims against Green Tree for relief will be **DISMISSED** with prejudice.  On or before March 2, 2015 plaintiff shall filed an amended complaint reflecting the above amendments.

DATED February 24, 2015.

                                            BY THE COURT:

                                            s/Philip A. Brimmer
                                            PHILIP A. BRIMMER
                                            United States District Judge