IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 14-cv-02241-PAB-CBS

CHRISTINE WARREN,

    Plaintiff,

v.

GREEN TREE SERVICING LLC,

    Defendant.

_____

**ORDER**
_____

This matter is before the Court on the Motion to Transfer to the U.S. Bankruptcy Court for the District of Colorado [Docket No. 25] filed by defendant Green Tree Servicing LLC ("Green Tree").

Plaintiff's amended complaint suggests that she has a mortgage on her home, held at all times relevant by Bank of America, N.A. ("BOA"). Docket No. 50 at 2, ¶¶ 5-9. Plaintiff alleges that, in February 2011, she sent BOA approximately $21,000 to be applied to her mortgage. *Id.* After initially crediting her account for the $21,000 payment, plaintiff asserts that, in March 2013, BOA misapplied those funds. *Id.* at 2-3, ¶¶ 6-10. In March 2013, plaintiff sent BOA approximately $13,500 to be applied toward the loan's principal and monthly payments, but plaintiff alleges that BOA misapplied those funds. *Id.* at 3, ¶¶ 11-16. On March 29, 2013, Green Tree began servicing plaintiff's loan. *Id.* at 3, ¶ 17. Plaintiff asserts that she sent Green Tree multiple qualified written requests ("QWR"), as that term is used in the Real Estate Settlement

Procedures Act ("RESPA"), 12 U.S.C. § 2605, regarding her loan, but that Green Tree failed to respond appropriately. Docket No. 50 at 3-6, ¶¶ 17, 19, 21, 22-32.

On March 12, 2013, plaintiff Christine Warren filed a Chapter 13 bankruptcy petition and a Chapter 13 plan in the United States Bankruptcy Court for the District of Colorado. *In re Warren*, No. 13-13540-SBB (Docket Nos. 1, 2). On June 17, 2013, the bankruptcy court issued an order confirming Ms. Warren's amended Chapter 13 plan. *Id.* (Docket No. 25).

On August 12, 2014, plaintiff Christine Warren filed the present case against Green Tree and BOA. Docket No. 1. Plaintiff's original complaint brought claims against BOA and Green Tree for failure to properly apply payments, violation of the RESPA, and for declaratory relief. *Id.* at 6-8. Plaintiff's original complaint also brought claims against BOA for breach of contract and promissory estoppel. *Id.* at 7-8.

On October 9, 2014, BOA filed a notice of settlement as to plaintiff's claims against it. Docket No. 27 at 2. BOA thereafter requested multiple extensions of time to file dismissal papers in part because the parties sought to have the settlement approved by the bankruptcy trustee. Docket No. 34 at 3; Docket No. 42 at 3 ("Bank of America and [the trustee] are in need of additional time to prepare settlement paperwork and to prepare notice to creditors as required by Federal Rule of Bankruptcy Procedure 2002"); *see also* Docket Nos. 30, 39. On February 17, 2015, plaintiff and BOA filed a stipulation of dismissal with prejudice pursuant to Fed. R. Civ. P. 41(a), wherein plaintiff and BOA sought the dismissal of all plaintiff's claims against BOA and plaintiff sought dismissal of her first, third, fourth, and fifth claims in their entirety. Docket No. 47 at 1. On February 24, 2015, the Court dismissed plaintiff's claims

against BOA with prejudice and, construing the stipulation of dismissal as a Rule 15 motion to amend, dismissed with prejudice plaintiff's first, third, fourth, and fifth claims in their entirety.  Docket No. 49 at 2-3.  On March 2, 2015, plaintiff filed an amended complaint asserting a single claim against Green Tree for violation of the RESPA.  Docket No. 50 at 6.

On October 7, 2014, Green Tree filed the present motion, seeking to transfer this case to the bankruptcy court pursuant to 28 U.S.C. § 157.  Docket No. 25.  Plaintiff opposes Green Tree's motion.  Docket No. 33.

Green Tree appears to argue that this case is a core proceeding pursuant to 28 U.S.C. § 157(b)(2) and, as such, that this case should be heard by the bankruptcy court.  Docket No. 25 at 4.  As grounds for its argument, Green Tree asserts (1) that Ms. Warren's bankruptcy case was filed before this case, (2) that the application of plaintiff's payments to her loan would impact the bankruptcy proceedings, and (3) that plaintiff did not disclose her additional mortgage payments to the bankruptcy court or account for such payments in her Chapter 13 plan.  Docket No. 25 at 4-5.  In its reply brief, Green Tree concedes that, in the event that the Trustee approves the settlement between plaintiff and BOA and in the event that plaintiff discloses to the bankruptcy court the payments she made to BOA on her loan, Green Tree's motion to transfer could be moot.  Docket No. 38 at 3.

Plaintiff argues that her RESPA claim does not constitute a core proceeding over which the bankruptcy court would have jurisdiction.  Docket No. 33 at 2.  Plaintiff also asserts that transfer of this case to the bankruptcy court as a non core proceeding under § 157(c) would be inappropriate.  *Id.* at 2-3.

3

Green Tree's arguments for transferring this case to the bankruptcy court are largely moot and unfounded. As to Green Tree's concerns regarding the disclosure to the Trustee of plaintiff's mortgage payments to BOA, the Trustee appears to have been apprised of the claims in this case related to the application of plaintiff's mortgage payments to BOA and appears to have approved a settlement of such claims asserted against BOA. *See* Docket No. 42 at 3. Moreover, plaintiff no longer asserts any claims with respect to the application of mortgage payments she made to BOA. Plaintiff's only remaining claim against Green Tree is that it failed to timely respond to QWRs in violation of the RESPA. Docket No. 50 at 6. Green Tree does not argue that this particular claim should be heard by the bankruptcy court and, upon review, the Court finds no reason to so conclude. The Trustee and the bankruptcy court are on notice of the pendency of this action as evidenced by the Trustee's apparent approval of plaintiff's settlement with BOA and various filings in Ms. Warren's bankruptcy case. *See* Docket No. 42 at 3; *In re Warren* (Docket No. 45 (withdrawing motion for relief from stay due to pendency of *Warren v. Green Tree Servicing LLC*, No. 14-cv-02241-PAB-CBS)). The Trustee has not moved to intervene in this case and does not otherwise appear to advocate for the transfer of this action. The parties will presumably advise the Trustee if judgment in this case enters in plaintiff's favor and the Trustee can, if necessary, act accordingly. As a result, the Court finds that Green Tree has failed to establish that transfer of this case to the bankruptcy court is required or appropriate.[1]

---

[1] Green Tree fails to establish that plaintiff's RESPA claim is a core proceeding under 28 U.S.C. § 157(b). Even assuming that plaintiff's RESPA claim is considered a non-core proceeding, because plaintiff has not expressed an intent to consent to a reference of this case to the bankruptcy court, the bankruptcy court could only issue

4

For the foregoing reasons, it is

**ORDERED** that Green Tree's Motion to Transfer to the U.S. Bankruptcy Court for the District of Colorado [Docket No. 25] is **DENIED**.

DATED August 26, 2015.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

---

proposed findings of fact and conclusions of law with respect to plaintiff's RESPA claim. *See* § 157 (c).  The Court finds that, at this stage of litigation, judicial efficiency weighs against transferring this case to the bankruptcy court pursuant to § 157(c)(1).